39 F.3d 1179
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David M. ROMAN, Defendant-Appellant.
 No. 94-6636.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 11, 1994.
Decided Oct. 25, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CR-87-426-K, CA-93-4089-K)
 David M. Roman, appellant pro se.
 E. Thomas Roberts, Asst. U.S. Atty., Baltimore, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Daniel M. Roman appeals from the district court's denial of his request for relief pursuant to 28 U.S.C. Sec. 2255 (1988). Roman claimed that he was entitled to relief because the evidence at trial was insufficient to support a finding of guilt under 18 U.S.C.A. Sec. 924(c) (West Supp.1994), use of a firearm during and in relation to a drug trafficking offense, and that he was denied effective assistance of counsel. Because we find that the district court did not err in denying Roman's request, we affirm.
 
 I.
 
 2
 Roman bases his first claim, sufficiency of the evidence, on the fact that there was no evidence linking him to a gun or that showed he relied on the use of firearms in the course of drug trafficking. The government notes that three firearms and ammunition were seized from the house where Roman was conducting his drug trafficking enterprise.
 
 
 3
 Sufficiency of the evidence is a constitutional claim. Jackson v. Virginia, 443 U.S. 307, 321 (1979). The standard of review is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Id. at 319.
 
 
 4
 Roman's argument, that he must have actually used or carried a gun during a drug transaction in order to be convicted under Sec. 924(c), is meritless. This court has broadly construed the "use" element of Sec. 924(c) to include mere possession during the commission of a drug trafficking offense. United States v. Nelson, 6 F.3d 1049, 1054 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3792 (U.S. May 31, 1994). The evidence at trial sufficiently demonstrated that Roman operated a drug trafficking enterprise out of a two-story house and that firearms were readily accessible throughout the dwelling. A reasonable jury could conclude that the firearms were there to facilitate the success of the operation and, thus, were being used in connection with a drug trafficking crime. Therefore, the district court properly denied Roman's request for relief with respect to this claim.
 
 II.
 
 5
 Roman made two claims of ineffective assistance of counsel. We evaluate counsel's effectiveness using the two-pronged "error and prejudice" test of Strickland v. Washington, 466 U.S. 668 (1984). Roman claims that his trial counsel was ineffective in failing to argue that there was insufficient evidence to convict under Sec. 924(c). In assessing competency, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgement." Id. at 690. Our review of the record leads us to conclude that Roman's contention is nothing more than "Monday morning quarterbacking." Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir.1991), cert. denied sub. nom., Stamper v. Wright, 61 U.S.L.W. 3575 (U.S. Jan. 19, 1993). Therefore, we find that the district court properly denied relief with respect to this claim. Additionally, Roman further argued that his appellate counsel was ineffective for failing to raise the issue of insufficient evidence in relation to the Sec. 924(c) conviction. As discussed, the insufficient evidence claim is without merit. Consequently, Roman suffered no prejudice and the district court properly denied relief with respect to this claim.*
 
 
 6
 For these reasons, we affirm the district court's order denying Roman's request for Sec. 2255 relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Roman asserts for the first time in this Court that one count of his indictment was defective. This Court should not consider new issues on appeal unless the error is plain or unless refusal would result in the denial of fundamental justice. Stewart v. Hall, 770 F.2d 1267, 1271 (4th Cir.1985). Such is not the case here